Maxie GILLIAM, et al., Appellants,

v.

Donald Frank WILLIAMS, et al., Appellees.

No. C14-84-099CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 29, 1984.

Les Cochran, Barnhart, Mallia, Cochran & Luther, Houston, for appellants.

Frank Caton, Crain, Caton, James & Womble, Houston, for appellees.

Before JUNELL and SEARS, JJ., and T. GILBERT SHARPE, J., Retired.

## OPINION

SEARS, Justice.

This is an appeal from a take nothing judgment as to one of two defendants in a suit brought by appellants for the wrongful death of their son in an automobile/pedestrian accident. In two points of error the appellants attack the jury findings that the appellees Williams and Schmidt were not racing and that the negligence of Williams alone proximately caused the death of their son. We affirm.

On April 2, 1978, fifteen-year-old Perry Gilliam was walking toward his home along a grassy median that separated north and southbound traffic on Sabo Street in a Houston subdivision. Williams and Schmidt were traveling north along Sabo Street in separate vehicles when Williams lost control of his car. The car jumped the median, hit Gilliam, tossed him into the air and carried him across the southbound lanes of traffic, through a yard and wooden fence, and into the back of a brick house. Gilliam died from injuries sustained in that collision. Williams was found guilty of involuntary manslaughter and served a prison term. In the civil trial for the wrongful death of Gilliam, the appellants and Williams alleged that Williams and Schmidt were racing at the time of the accident. The case was submitted to the jury on special issues, the answers to two of which are the subject of this appeal. The jury found in answers to Special Issue No. 1

that Williams and Schmidt were not racing, and in Special Issue No. 3 that only the negligent acts of Williams proximately caused the death of Perry Gilliam. Judgment was entered against Williams for $970,000.00.

The appellants assert that the jury's answers to these two issues are so against the great weight and preponderance of the evidence as to be manifestly unjust, and seek a reversal of the trial court judgment and remand for a new trial as to Schmidt.

■ In reviewing factual insufficiency points of error, we must consider all of the evidence in the record that is relevant to the facts challenged. If the finding of the facts, considering all the evidence, is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust, we must reverse and remand for a new trial. *See In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

The evidence before this court consists of the testimony of six persons who were at or near the scene of the accident. Both Williams and Schmidt testified at trial. Williams, who was found to be intoxicated at the time of the accident, gave conflicting testimony. At the civil trial he testified that he and Schmidt raced and that Schmidt initiated it, but in deposition testimony introduced during trial he stated that Schmidt did not speed up or slow down during the time they were both on Sabo Street. He testified at the criminal trial that he was not drunk and at the civil trial that he was drunk. Schmidt testified that he never signaled to the appellee to race and that he did not race, but he admitted making the statement that the appellee *tried* to race with him and would have passed him if he had not lost control of his vehicle.

Wanda Noles, who was in her back yard over one-half block from the scene of the accident, testified that she "heard" a car or cars speeding down the street immediately prior to the accident. However, she did not see the cars or the accident and there was

no evidence introduced to support or rebut what she in essence "heard." Robert Prescott, the paramedic attending Gilliam at the scene, testified that Williams told him that he and Schmidt were racing, that Schmidt's car hit his and caused him to lose control of his car and that Schmidt was therefore responsible for the accident. This testimony is merely a repetition of Williams' testimony and is unsupported by any physical evidence. Dana Harmier, who was standing in a neighbor's yard two blocks from the accident, heard the crash and saw Schmidt's car skid around the corner where she was standing. She wrote down Schmidt's license plate number. Schmidt, who saw the accident in his rearview mirror, claimed that he skidded around that corner because he was speeding home to report the accident and call an ambulance. Stephanie Gooch Childers was an eyewitness whose car was passed by both Williams and Schmidt immediately before the accident. She testified that she didn't think the two were racing, but she conceded they *could* have been racing. She further stated Williams was going faster than Schmidt, that Schmidt's car did not hit Williams' car, and that Williams lost control as he tried to dart in front of her and change from the right lane to the left.

Although we agree that the accident was tragic and should never have occurred, we do not agree that the jury overlooked overwhelming proof of racing. It was the province of the jury to judge the credibility of the witnesses and the weight to be given their testimony, and to resolve any inconsistencies. The jury was entitled to believe all or none of the testimony of each of the witnesses. *Creech v. Thompson*, 156 Tex. 561, 297 S.W.2d 817 (1957). The jury apparently believed Schmidt and disbelieved Williams. Further, they apparently recognized that the so-called "earwitness" testimony of Wanda Noles was not as clear and convincing as the eyewitness testimony of Stephanie Gooch Childers.

After reviewing all the evidence, we find there is evidence of sufficient probative value to support the jury's findings, and we find they are not so against the great weight and preponderance of the evidence as to be manifestly unjust. The points of error are overruled and the judgment of the trial court is affirmed.